# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANDY MAHLER, <br> LINDA LEE, <br> SHANE MURPHY, <br> ROBBIE HEINRICH, <br> HEARTWOOD, <br> PROTECT OUR WOODS, <br> INDIANA FOREST ALLIANCE INC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br> THOMAS J. VILSACK in his official capacity as Secretary of the Department of Agriculture, <br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br> RANDY MOORE in his official capacity as Chief of the United States Forest Service, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:24-cv-00174-TWP-KMB |

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND DEFENDANTS' MOTION TO CONVERT

This matter is before the Court on Plaintiffs Andy Mahler ("Mr. Mahler"), Linda Lee, Shane Murphy, Robbie Heinrich, Heartwood, Protect Our Woods, and Indiana Forest Alliance Inc.'s (collectively, "Plaintiffs") Motion for Temporary Restraining Order ("TRO") (Filing No. 8) and Defendants the United States Forest Service (the "Forest Service"), Thomas J. Vilsack, the United States Department of Agriculture, and Randy Moore's (collectively, "Defendants") Motion to Convert Plaintiffs' Motion for a Temporary Restraining Order to a Motion for Preliminary Injunction and to Set a Briefing Schedule (Filing No. 12). For the reasons discussed below, Plaintiffs' TRO is **denied**, and Defendants' Motion to Convert is **denied as moot**. The parties are

**directed** to meet with the Magistrate Judge to discuss Plaintiffs' pending Motion for Preliminary Injunction, as previously ordered (Filing No. 10).

# I. BACKGROUND

The Plaintiffs are three forest protection organizations, and four individuals including neighboring landowners and regular users of the Hoosier National Forest. (Filing No. 1 at 1). Plaintiffs seek to enjoin the Forest Service from carrying out logging and construction work in the Hoosier National Forest as part of the Paoli Tornado Response and Research Project (the "Paoli Project") (Filing No. 8-1 at 1). Plaintiffs challenge the Paoli Project under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–47. The NEPA, in part, requires agencies to create a report on the environmental impact of their proposed actions, called an "environmental impact statement", whenever the proposed action significantly affects the quality of a human environment. 42 U.S.C. § 4332(2)(C). If it is uncertain whether the proposed action will significantly impact the environment, the agency must prepare an "environmental assessment" ("EA"). 40 C.F.R. §§ 1501.3, 1501.5. "An EA has been described as a 'rough-cut, low-budget environmental impact statement designed to show whether a full-fledged [environmental impact statement]—which is very costly and time-consuming to prepare and has been the kiss of death to many a federal project—is necessary." *Ind. Forest Alliance, Inc. v. U.S. Forest Serv.*, 325 F.3d 851, 856 (7th Cir. 2003).

However, federal law provides that certain agency actions fall within categorical exclusions ("CE") to the EA/ environmental impact statement requirements. An agency action can be a CE "only if there are no extraordinary circumstances related to the proposed action." 36 C.F.R. § 220.6(a). "Those extraordinary circumstances include the presence of historical and cultural sites, the potential for impacts on endangered or threatened species, the presence of caves and karst

environmental features, the potential for adverse impacts on migratory birds, and the segmentation of the Paoli Project out of the larger Buffalo Springs project." (Filing No. 8-1 at 2).

In 2021, the Forest Service began the "NEPA scoping process" for a separate project not at issue in this case, the "Buffalo Springs Project." The Forest Service issued an EA for that project in 2022. *Id.* at 6. In 2023, severe storms and tornadoes swept across southern Indiana and damaged areas in the Hoosier National Forest. In response, the Forest Service began the NEPA scoping process for the Paoli Project. *Id.* The Paoli Project falls within the geographical boundaries of the Buffalo Springs Project. According to Plaintiffs, the Forest Service did not initially advise the public that it intended to rely on CEs to make its decisions for the Paoli Project. *Id.* Plaintiffs submitted comments and objections to the Paoli Project in January 2024. In August 2024, the Forest Service issued a Decision Memo approving the Paoli Project, stating that the decision was appropriately categorically excluded from the EA/environmental impact statement requirements and that no extraordinary circumstances existed related to the proposed action. *Id.* at 7.

In late October 2024, Plaintiffs began corresponding with the Forest Service regarding potential litigation over the Paoli Project. *Id.* On November 4, 2024, the Forest Service notified Plaintiffs that it intended to proceed with contracting the Paoli Project work. A few days later, Plaintiffs indicated that they "may decide it is necessary to file their federal court Complaint and seek an immediate injunction." *Id.* at 8. On November 13, 2024, the Forest Service informed Plaintiffs that it had selected a contractor but the project start date was undetermined. On December 9, 2024, the Forest Service gave notice that work would begin as early as that week. *Id.* The same day, Plaintiffs told the Forest Service that a complaint had been drafted and if the Forest Service did not agree to hold off work, Plaintiffs "anticipated filing a motion for a preliminary injunction/TRO by the end of the week." *Id.*

According to Plaintiffs' briefing, work for the Paoli Project began on December 13, 2024. Plaintiffs initiated this action three days later, on December 16, 2024, by filing an unverified Complaint alleging violations of NEPA, violations of the Administrative Procedure Act, and a threatened violation of the Migratory Bird Treaty Act (Filing No. 1). Plaintiffs specifically allege that the Forest Service inappropriately used a CE and either ignored or failed to inquire about the existence of extraordinary circumstances requiring an EA or environmental impact statement; made its decision prematurely and without conducting proper investigation, research, or analysis; failed to analyze the impact of the Buffalo Springs Project and Paoli Project together under NEPA; acted arbitrarily and capriciously; and threaten to negatively affect protected species of bird.

On the afternoon of December 20, 2024, Plaintiffs filed the instant TRO, followed by a Motion for Preliminary Injunction. That evening, the Court issued an Order directing the parties to meet with the Magistrate Judge to discuss a discovery plan, briefing schedule, and hearing date on Plaintiffs' Motion for Preliminary Injunction (Filing No. 10). Concerning the TRO, the Court ordered Plaintiffs to file a statement identifying any action implementing the Paoli Project occurring before Monday December 23, 2004 and December 30, 2024. *Id.* On December 21, 2024, Plaintiffs filed two statements in response to the Court's December 20, 2024 Order, both of which describe correspondence between counsel regarding anticipated work on the Paoli Project, as well as Plaintiffs' visual and auditory observations in the Paoli Project area (Filing No. 14; Filing No. 15).

On December 20, 2024 counsel for Defendants appeared and filed the instant Motion to Convert, which asks the Court to convert the TRO to a Motion for Preliminary Injunction and allow Defendants to file a response by December 23, 2024 (Filing No. 12). Defendants also filed a combined response to the TRO and Motion for Preliminary Injunction (Filing No. 13).

4

## II. LEGAL STANDARD

A court may grant an order pursuant to an *ex parte* request only under extremely limited circumstances. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Under Federal Rule of Civil Procedure 65, the movant's attorney must certify in writing any efforts to give notice and the reasons that notice should not be required, and the court must conclude that the movant will suffer irreparable injury before the adverse party can be heard. Fed. R. Civ. P. 65(b). Under Rule 65(b)(2), a TRO may last up to fourteen days, unless before that time expires, it is extended for another fourteen days for good cause.

The Seventh Circuit uses a two-step analysis to assess whether preliminary injunctive relief is warranted. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085–86 (7th Cir. 2008). This analysis is the same to determine if a TRO is warranted. *Gray v. Orr*, 4 F. Supp. 3d 984, 989 n.2 (N.D. Ill. 2013). To warrant a TRO, a plaintiff must first demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the TRO is not granted. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these elements are satisfied, the court must then balance the harm to the plaintiff if the restraining order is denied against the harm to the defendant if the restraining order is granted. *Id.* The greater the movant's likelihood of success on the merits, "the less strong a showing" the movant "must make that the balance of harm is in its favor." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

## III. DISCUSSION

The Court will first discuss Plaintiffs' request for a TRO, before turning to Defendants' Motion to Convert.

A.      **Plaintiffs' TRO**

Before the Court reaches the two-step analysis, it must decide whether it may issue preliminary injunctive relief *ex parte* pursuant to Federal Rule of Civil Procedure 65(b). Federal Rule of Civil Procedure 65(b)(1) states that a Court may enter an *ex parte* TRO only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The Court concludes that Plaintiffs have not met the first prong, and *ex parte* relief is therefore unwarranted.[1]

Neither Plaintiffs' Complaint nor their Memorandum in Support of TRO ("Memo in Support") addresses whether they will suffer irreparable harm before Defendants can be heard in opposition, and neither filing is verified. Plaintiffs' Memo in Support, for example, asserts that a contractor was set to begin work on the Paoli Project on December 13, 2024; temporarily stopped work for weather; and was set to begin work again on December 19, 2024 (Filing No. 8-1 at 9). However, there is no affidavit testimony supporting that timeline, nor is there affidavit testimony explaining what particular work will be done in the near future or whether any such work will result in irreparable harm before Defendants can be heard. Plaintiffs' December 21, 2024 supplemental statements appear to confirm that Plaintiffs do not know what specific work will be done before Defendants can be heard in opposition (Filing No. 14 (seeking clarification from Defendants' counsel about planned work and stating Plaintiffs' "belie[fs]" as to what work is being done); Filing No. 15 (stating Plaintiffs continue to seek clarification about ongoing work)).

---

[1] Defendants' combined response brief (Filing No. 13) does not address whether Plaintiffs have clearly shown that irreparable harm will occur before they can be heard in response.

The only affidavit submitted with the TRO is the Declaration of Mr. Mahler (Filing No. 8-2). Mr. Mahler's Declaration states that several individuals and environmental organization members will suffer irreparable injuries, such as "injury to their interests in aesthetic and recreational enjoyment of the affected area," if "[the Paoli Project] is implemented." *Id.* ¶¶ 6, 10, 12, 24, 28, 36; *see id.* ¶ 29 (stating generally that organization members will be "potentially irreparably adversely affected by the Paoli Project"). These allegations speak about implementation of the Paoli Project in general and are not "specific facts" that "clearly show" that they will be irreparably harmed before Defendants can be heard. The fact that Plaintiffs filed suit almost two months after first raising their dispute with the Forest Service further cuts against Plaintiffs' claim that immediate injunctive relief is necessary.

Plaintiffs have not clearly shown that the risk of irreparable harm is so immediate that Defendants should not first be given an opportunity to be heard in opposition. Plaintiffs' TRO therefore fails to satisfy Federal Rule of Civil Procedure 65(b)(1)(A) and must be **denied**.

B.     **Defendants' Motion to Convert**

Defendants request that the Court convert Plaintiffs' TRO to a Motion for Preliminary Injunction and give Defendants until December 23, 2024, to respond (Filing No. 12). Because Plaintiffs' TRO has been denied, and because Plaintiffs' Motion for Preliminary Injunction was previously filed separately, Defendants' Motion to Convert is **denied as moot**. The Court notes that the parties are scheduled to meet with the Magistrate Judge on today's date, December 23, 2024 at 3:00 p.m., to set a briefing schedule (Filing No. 10).

IV.     **CONCLUSION**

For the reasons explained above, the Court **DENIES** Plaintiffs' Motion for Temporary Restraining Order (Filing No. 8) and **DENIES AS MOOT** Defendants' Motion to Convert the TRO to a Motion for Preliminary Injunction (Filing No. 12). Pursuant to the Court's December 20,

7

2024 Order (Filing No. 10), the parties are **DIRECTED** to meet with the Magistrate Judge to discuss a discovery plan, briefing schedule, and date and time needed for a hearing on Plaintiffs' separately filed Motion for a Preliminary Injunction.

**SO ORDERED**.

Date:   12/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mick G. Harrison
Law Office of Mick G. Harrison
mickharrisonesq@gmail.com

Reade Wilson
DOJ-Enrd
reade.wilson@usdoj.gov