UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANDY MAHLER, <br> LINDA LEE, <br> SHANE MURPHY, <br> ROBBIE HEINRICH, <br> HEARTWOOD, <br> PROTECT OUR WOODS, <br> INDIANA FOREST ALLIANCE INC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br> THOMAS J. VILSACK in his official capacity as Secretary of the Department of Agriculture, <br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br> RANDY MOORE in his official capacity as Chief of the United States Forest Service, <br><br> Defendants. | Case No. 4:24-cv-00174-TWP-KMB |

**ORDER ON DEFENDANTS' MOTION TO QUASH AND
OBJECTION TO PLAINTIFFS' EXTRA-RECORD EVIDENCE**

In December 2024, Plaintiffs filed this action under the National Environmental Policy Act ("NEPA") and Administrative Procedure Act ("APA") against the Defendants, seeking to enjoin Defendants' tornado-recovery work in the Hoosier National Forest. Plaintiffs have moved for a preliminary injunction, which is set for oral argument at 9:00 a.m. on Monday, February 3, 2025. On Wednesday, January 29, 2025, Defendants filed a Motion to Quash Subpoenas and Preclude Extra-Record Testimony ("Motion to Quash") (Filing No. 34) and Objection to Extra-Record Evidence at Preliminary Injunction Oral Argument ("Objection") (Filing No. 35), asking the Court to quash three subpoenas issued to Forest Service employees and to preclude any testimony or evidence outside the administrative record ahead of Monday's hearing. For the following reasons,

Defendants' Motion to Quash is **denied** and the Objection is **overruled**. However, the Court will allot an additional thirty minutes at the beginning of the hearing to discuss the admissibility of Plaintiffs' anticipated extra-record evidence.

## I. BACKGROUND

Plaintiffs filed this action against Defendants seeking to enjoin tornado-recovery operations, known as the Paoli Tornado Response and Research Project (the "Paoli Project") in Hoosier National Forest, and alleging violations of NEPA, the APA, and the Migratory Bird Treaty Act ("MBTA"). Plaintiffs specifically allege that Defendants improperly applied a "categorical exclusion" under NEPA to the Paoli Project work, which allowed the Forest Service to begin work before adequately assessing the Project's environmental effects.

Shortly after filing their Complaint, Plaintiffs moved for a temporary restraining order ([Filing No. 8](#)) and a Motion for Preliminary Injunction ([Filing No. 9](#)). The Court denied the motion for a temporary restraining order, finding that Plaintiffs had not adequately shown that they would suffer irreparable harm before the Forest Service could be heard in opposition ([Filing No. 16](#)). On January 15, 2025, Plaintiffs filed an updated Motion for Preliminary Injunction ([Filing No. 26](#)), and the next day, the Court set the Motion for a two-hour oral argument on Monday, February 3, 2025 ([Filing No. 28](#)). Defendants submitted a copy of the administrative record, as supplemented pursuant to agreement of the parties, on January 21, 2025 ([Filing No. 29](#)).

On Tuesday, January 28, 2025, Plaintiffs served subpoenas on three Forest Service employees: Christopher Thornton, District Ranger ("Ranger Thornton"); Steve Harriss, Forest Biologist for the Hoosier National Forest ("Mr. Harriss"); and Teresa Villalobos, Heritage Resource Specialist for the Hoosier National Forest ("Ms. Villalobos"). Ranger Thornton authorized the written decision applying categorical exclusions to the Paoli Project, and Mr. Harriss and Ms. Villalobos are environmental experts who have studied the potential effects of the

Paoli Project on local caves/karsts and cultural heritage sites, respectively. Plaintiffs have also sent a subpoena to Logan Andis, who works for the logging contractor overseeing the timber salvage sale for the Paoli Project.

On January 29, 2025, Defendants filed the instant Motion to Quash and Objection, arguing that the Court should quash the subpoenas issued to Ranger Thornton, Mr. Harriss, and Ms. Villalobos, and preclude Plaintiffs from offering any testimony or evidence outside the administrative record. Plaintiffs have not yet filed a response, but considering the approaching oral argument, the Court will rule on Defendants' Motion to Quash and Objection.[1]

## II.     LEGAL STANDARDS

### A.     Motions to Quash

Federal Rule of Civil Procedure 45 provides that a court must quash or modify a subpoena if it "fails to allow a reasonable time to comply," "requires a person to comply beyond the geographical limits specified in Rule 45(c)," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(b)(3)(A). To decide whether the burden to comply with a subpoena is undue, the court evaluates several factors, including (a) the materiality of the information sought; (b) the timeliness of the request; and (c) the time and expense burden on the subpoenaed parties to comply. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Morrow v. Air Ride Technologies, Inc.*, No. No. IP-05-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006).

---

[1] Non-movants are not always entitled to file response briefs to non-dispositive motions, including motions *in limine*. The Federal Rules of Civil Procedure do not guarantee such a right, and although this Court's Local Rules permit response briefs, courts have broad discretion in enforcing, or not enforcing, their own local rules. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). This Court therefore need not wait for Plaintiffs to respond before ruling on Defendants' Motion to Quash and Objection.

B.   **Motions to Preclude Evidence**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

### III.   ANALYSIS

The Court will first address Defendants' request to quash the subpoenas to Ranger Thornton, Mr. Harriss, and Ms. Villalobos, before addressing Defendants' request to preclude all extra-record evidence.

A.   **Motion to Quash**

Defendants do not argue that any provision of Federal Rule of Civil Procedure 45(b)(3)(A) requires the Court to quash the subpoenas to Ranger Thornton, Mr. Harriss, and Ms. Villalobos. Rather, Defendants argue the Court should quash the Forest Service employees' subpoenas because their anticipated testimony falls outside the scope of the administrative record, is therefore irrelevant to Plaintiffs' likelihood of success on the merits of their NEPA and APA claims and is

4

thus inadmissible. The Court declines to quash the subpoenas for two reasons. First, for the reasons explained below, the Court declines to issue a pre-hearing ruling precluding all evidence outside the administrative record. Second, Plaintiffs might elicit testimony material to their Motion for Preliminary Injunction but unrelated to their likelihood of success on the merits of their NEPA/APA claims. In their Motion to Quash, Defendants acknowledge that "testimony regarding harm and the balance of equities may be permissible in a preliminary injunction hearing." (Filing No. 34 at 1). All three subpoenaed employees have specialized knowledge of the Forest Service's Paoli Project activities and the potential effect of those activities on cave-dwelling bats and historic cultural sites. They could therefore offer testimony relevant to the risk of irreparable harm and the balance of equities. The list of topics provided by Plaintiffs' counsel includes at least some topics related to the risk of irreparable harm, *id.* at 5 ¶¶ 9–10, but this list is not exhaustive (Filing No. 34-4). For both of those reasons, Defendants' Motion to Quash the subpoenas of Ranger Thornton, Mr. Harriss, and Ms. Villalobos is **denied**.

B.      **Motion to Preclude and Objection to Extra-Record Evidence**

Defendants' also request that the Court preclude any testimony or other evidence outside the administrative record in this case. The Forest Service contends that judicial review under the APA is "limited to the record before the agency at the time the decision was made, not some new record created before the Court." (Filing No. 34 at 6 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985))). Defendants have "lodged the Administrative Record and supplemented it by agreement of the parties," so there is "no basis for holding an evidentiary hearing on the merits of the agency's decision." *Id.* at 7.

Under the APA, Judicial review of agency actions are almost always limited to the administrative record. *See Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 75 F.4th 743, 749 (7th Cir. 2023) (criticizing district court for holding evidentiary hearing in NEPA case). But in rare

5

circumstances, evidence outside the administrative record ("extra-record evidence") may be considered. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971) ("In certain, narrow, specifically limited situations . . . the reviewing court is to engage in a de novo review of the action and set it aside if it was 'unwarranted by the facts.'" (quoting 5 U.S.C. § 706(2)(E), (F)); *Camp v. Pitts*, 411 U.S. 138, 141 (1973) ("[D]e novo review is appropriate only where there are inadequate factfinding procedures in an adjudicatory proceeding, or where judicial proceedings are brought to enforce certain administrative actions."); *see also Overton Park*, 401 U.S. at 418 (describing "plenary review"; "[S]ince the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard."); *Camp*, 411 U.S. at 142–43 ("If . . . there was such a failure to explain administrative action as to frustrate effective judicial review, the remedy . . . as contemplated by Overton Park [was] to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.").

Although Plaintiffs bear the heavy burden of demonstrating that such a circumstance exists, the Forest Service, as the movant in *limine*, must show that the extra-record evidence clearly is not admissible for any purpose. *Hawthorne Partners*, 831 F. Supp. at 1400. The Forest Service has not addressed whether there are any special circumstances warranting inquiry beyond the Administrative Record, so a pre-hearing ruling precluding all extra-record evidence is therefore not appropriate. Accordingly, at this stage, Defendants' Motion to Preclude Extra-Record Testimony is **denied** and their Objection to Extra-Record Testimony is **overruled**.

However, the Court will set aside an additional thirty minutes at the start of oral argument to address this admissibility issue. Each side will be allotted fifteen minutes. Following this portion of oral argument, the Court may issue an oral ruling or may take the issue under advisement and reserve judgment until the Court issues its written decision on Plaintiffs' Motion for Preliminary Injunction. If the Court conditionally admits the disputed evidence at oral argument, pending a later written ruling, Defendants may raise specific objections when appropriate. The Court expects that Plaintiffs' presentation of this evidence will be brief, though, since each side has only one hour to argue their position on Plaintiffs' Motion for Preliminary Injunction (Filing No. 28).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash Subpoenas and Preclude Extra-Record Testimony (Filing No. 34) is **DENIED**, and Defendants' Objection to Extra-Record Evidence is **OVERRULED**. The Court **reserves an additional thirty (30) minutes** at the beginning of oral argument for the parties to address the admissibility of extra-record evidence; thereafter one hour per side is reserved for oral argument. The oral argument remains set for **Monday, February 3, 2025, at 9:00 a.m.**, in Courtroom 344, United States Courthouse, Indianapolis, Indiana.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the hearing, counsel may raise that issue with the Court. Likewise, if the parties believe that specific evidence is inadmissible during the course of the hearing, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date:   1/31/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mick G. Harrison
Law Office of Mick G. Harrison
mickharrisonesq@gmail.com

Reade Wilson
DOJ-Enrd
reade.wilson@usdoj.gov